IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MEGAN LITSTER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALZA CORP, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br><br><br><br><br>Case No. 2:05-CV-1077 TS |

I.  INTRODUCTION

This matter comes before the Court on a Motion to Amend.[1]  Plaintiffs seeks leave of the Court to amend their complaint to add Johnson and Johnson ("J & J"), the parent corporation of the other named Defendants, under Fed. R. Civ. P. 15(a).  Specifically, Plaintiffs state that "[s]ince [the original filing] the parties have engaged in discovery and it appears that the plaintiffs have a factual and legal basis for an additional claim."  Plaintiffs, in effect, seek to incorporate J & J into its existing claims of wrongful death, negligent misrepresentation, fraud and deceit, and for punitive damages related to allegedly defective drug patches.

---

[1]Docket No. 15.

1

## II.  DISCUSSION

J & J opposes Plaintiffs' motion, claiming that amendment would be futile for two reasons: (A) there is no personal jurisdiction over J & J as to any claim, and the claims are therefore subject to dismissal under Fed. R. Civ. P. 12(b)(2), and (B) even if there were personal jurisdiction, the two year statutes of limitations[2] for Plaintiffs' wrongful death claims have run, and PlaintiffS cannot properly relate back the proposed amended complaint under Fed. R. Civ. P. 15(c).  Under this latter scenario, Plaintiffs' claims would then be subject to a Fed. R. Civ. P. 12(b)(6) dismissal.

Fed. R. Civ. P. 15(c) states that leave to amend "shall be freely given when justice so requires."  However, leave to amend is not warranted when the filing of an amended complaint would be futile.[3]  A proposed amendment is futile if it cannot survive a motion to dismiss.[4]

### A.  Personal Jurisdiction

J & J argues that there is no personal jurisdiction over it in this action, and has attached the affidavit of Douglas Chia, the Assistant Secretary of J & J, to support this assertion.

"The . . . court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction . . . . Facts regarding jurisdictional questions may be determined by reference to affidavits[,] evidentiary hearing[,] trial[,]"[5] or "jurisdictional

---

[2] Utah Code Ann. § 78-27-24.

[3] *Frank v. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[4] *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

[5] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

discovery" where "facts are controverted or a more satisfactory showing of the facts is necessary."[6]  "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing."[7]  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[8]

"'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[9] "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[10]

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[11]  The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.  For general jurisdiction

---

[6] *World Wide Ass'n of Specialty Programs and Schs. v. Houlahan*, No 04-4181, 2005 WL 1097321, at *3 (10th Cir. May 10, 2005).

[7] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[8] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[9] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[10] *Sys. Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

[11] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

to exist, "'the defendant must be conducting substantial and continuous local activity in the forum state.'"[12] A number of factors are relevant to the issue of whether general personal jurisdiction exists, including whether the defendant is: (1) engaged in business in this state; (2) licensed to do business in this state; (3) owning, leasing, or controlling property or assets in this state; (4) maintaining employees, offices, agents, or bank accounts in this state; (5) shareholders reside in this state; (6) maintaining phone or fax listings within this state; (7) advertising or soliciting business in this state; (8) traveling to this state by way of salespersons; (9) paying taxes in this state; (10) visiting potential customers in this state; (11) recruiting employees in the state; and (12) generating a substantial percentage of its national sales through revenue generated from in-state customers.[13]

Plaintiffs' proposed amended complaint asserts J & J does business, has an actual or constructive presence, solicits business, and actively markets and sells the product at issue in the case in the State of Utah. Plaintiffs also argue that there is such unity of interest between J & J and the other named defendants that all entities have become the alter-ego of one another.

J & J, through the Chia Affidavit, counters that it does no business in Utah, has no offices in Utah, solicits no business in Utah, owns no property in Utah, employs no employees or agents in Utah, is not registered to conduct business in Utah, and does not sell, manufacture, or market any product in Utah or any other state. Moreover, J & J details its independence from its wholly

---

[12]*Soma*, 196 F.3d at 1295 (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)).

[13]*Id*. at 1295–96 (citing *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928, 930–31 (Utah Ct. App. 1998)).

owned subsidiaries by asserting that it has a different board of directors and officers, is financially independent from Defendants, and is not involved in the day-to-day operations of the other named defendants. J & J states that it is merely a holding company for its owned subsidiaries.

     Plaintiffs do not set forth any affidavits of their own, and largely ignore the evidence raised by the Chia Affidavit. Nonetheless, as it relates to general jurisdiction, Plaintiff requests the Court to grant it the opportunity to conduct jurisdictional discovery. Plaintiffs cite sources which broadly characterize J & J's national advertising expenses, and assert that, given the opportunity, they could discover advertising directed to the Utah market. However, Plaintiffs' broad assertions regarding J & J's national advertising are not sufficient to demonstrate a factual issue as to general jurisdiction here. Regarding Plaintiffs' alter ego theory, while it is true that "[c]ompanies conducting business through their subsidiaries can qualify as transacting business in a state, provided the parent exercises sufficient control over the subsidiary[,]"[14] Plaintiffs have pointed to no evidence of control by J & J over its subsidiaries to establish a factual issue. Accordingly, the Court is unconvinced there is any factual issue with regard to general jurisdiction, or that jurisdictional discovery would allow Plaintiffs to produce sufficient evidence on the matter of general personal jurisdiction to survive a motion to dismiss. There is simply no evidence here of substantial and continuous local activity by J & J in the forum state.

     Plaintiffs further fail to demonstrate factual issues as to specific jurisdiction. When a "defendant has 'purposely directed' his activities at residents of the forum," courts in that state

---

[14]*Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1278 (10th Cir. 2005).

may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[15]  In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[16]

Plaintiffs' proposed amended complaint asserts that J & J manufactured, sold, distributed, promoted, and placed in the stream of commerce the drug product at issue.  However, the Chia Affidavit asserts that J & J, as a holding company, manufactures or distributes no products.  Plaintiffs again fail to address the assertions in the Chia Affidavit, but has asked for jurisdictional discovery on the issue of specific jurisdiction.

To attempt to show that discovery would be fruitful, Plaintiffs cite several past or ongoing court cases in Utah in which J & J is a party.  However, Plaintiffs fail to establish, or even argue, how those contacts are related in any way to its proposed amended claims against J & J in this case.[17]  Plaintiffs also assert that jurisdictional discovery could produce evidence to establish minimum contacts in this case because J & J maintains interactive websites for health care professionals which both provide information and allow such persons to order and track shipping of J & J products.  However, the provision of information is passive activity, and Plaintiffs fail to

---

[15] *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

[16] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[17] "[A] court may . . . assert specific jurisdiction over a nonresident defendant if the defendant has 'purposefully directed' his activities at residents of the form, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (quoting *Burger King*, 471 U.S. at 472).

provide any evidence of whether the drug product at issue in this case may even be obtained over such sites. Accordingly, Plaintiffs have failed to establish that there is a factual issue as to specific personal jurisdiction which would merit this Court granting jurisdictional discovery. Plaintiffs have not met their burden of sufficiently establishing minimum contacts by J & J in this action. Therefore, Plaintiffs' proposed amendment would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). Because there are no factual issues as to minimum contacts, the Court need not address traditional notions of fair play and substantial justice.

### B. Relation Back

Plaintiffs do not contest that the statutes of limitations have run as to the wrongful death claims, but argue only that relation back would be proper. An amendment adding a new party relates back to the date of the original complaint only when all three of the following are satisfied: (1) the amended complaint involves the same transaction or occurrence as the original complaint; (2) the new party had notice of the action and therefore suffers no prejudice; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[18]

J & J argues that a mistake concerning the identity of a proper party, as contemplated by the rule, has not occurred here. J & J properly points out that a lack of knowledge by Plaintiffs is not a mistake in identity of a proper party of which J & J should have been aware. More specifically, when Plaintiffs state that "it appears that the plaintiffs have a factual and legal basis for an additional claim," they are not stating that they have made a mistake in identifying the

---

[18] Fed. R. Civ. P. 15(c); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

proper party in this action.  Rather, Plaintiffs appear to assert that because they have learned some additional information in discovery, they would like to add another party to their claims, and, at the same time, avoid the implications of the statutes of limitations as it relates to that party.  This is not the type of mistake contemplated by Rule 15.[19]

While Plaintiffs cite the *Travelers Indemnity Co. v. United States ex rel. Construction Specialties*[20] case for the proposition that entities which have an identity of interest may be properly added under Fed. R. Civ. P. 15, Plaintiffs do not address the distinction between lack of knowledge and mistake of identity.  Moreover, the instant case may be distinguished from *Travelers* in that there, unlike here: a clearly incorrect party for the claim asserted was originally named; the mistakenly named parent corporation sat on the knowledge of the mistake until the applicable statute of limitations ran; the improperly named parent corporation and sought-to-be-substituted subsidiary shared office space, managers, and directors; and substitution, not addition of, parties was requested by the plaintiff.[21]  Plaintiffs' arguments are therefore inapposite, and amendment to include J & J in the wrongful death claims would be futile, subject to a Fed. R. Civ. P. 12(b)(6) motion to dismiss, and therefore, is not warranted.

---

[19]*See, e.g.*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 n.1 (2000) (reasoning that no mistake when Plaintiff knew of role and existence of party sought to be added before seeking to amend its pleadings); *Garrett v. Fleming*, 362 F.3d 692, 696-97 (10th Cir. 2004) (holding that a plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party); *In re Estate of Kout v. United States*, 241 F. Supp. 2d 1183, 1191-92 (D. Kan. 2002) (holding that plaintiff's failure to name a doctor as a defendant was based on lack of knowledge, not mistake, where plaintiff mistook the status of the known party, rather than its identity).

[20]382 F.2d 103 (10th Cir. 1967).

[21]*Id.* at 105-06.

## III.  CONCLUSION

In conclusion, Plaintiffs' Motion will be denied because:  (1) Plaintiff has failed to controvert J & J's affidavit, and has not sufficiently established factual issues as to general or specific subject matter jurisdiction as to any claims, and (2) because Plaintiffs did not mistake the identity of a proper defendant, they are not entitled to relate their wrongful death claims back to their original filing, thus avoiding the now-expired statute of limitations.  It is therefore

ORDERED that Plaintiff's Motion to Amend (Docket No. 15) is DENIED.

DATED   November 14, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge